**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION**

| | | |
|---|---|---|
| **VICTOR MOLINAR,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **EP-20-CV-300-KC** |
| | § | |
| **34th DISTRICT COURT,** | § | |
| | § | |
| **Defendant.** | § | |

**ORDER**

On this day, the Court considered Plaintiff's Petition for a Writ of Mandamus, ECF No. 1.

For the reasons set forth below, the Petition is **DENIED** for lack of subject-matter jurisdiction.

**I.    BACKGROUND**

The following facts are taken from Plaintiff's Petition.  After Plaintiff was convicted of a crime, he asked Omar Carmona, his trial counsel, for a copy of his client file to facilitate post-conviction proceedings.  Pet. 1.  Attorney Carmona did not respond to Plaintiff's request for his client file, so Plaintiff filed a motion asking the 34th District Court of El Paso County to compel Attorney Carmona to produce his client file.  Pet. 1, 7–8.  On August 13, 2020, Plaintiff asked the Court of Appeals for the Eighth District of Texas for a writ of mandamus ordering the 34th District Court of El Paso County to rule on his motion to compel.  Pet. 1.  This state intermediate appellate court issued a memorandum opinion on November 9, 2020, denying Plaintiff's plea for a writ of mandamus.  Pet 6–8.  On December 1, 2020, Plaintiff responded to this adverse state court ruling by requesting from this Court a writ of mandamus compelling the 34th District Court of El Paso County to rule on his motion to compel Attorney Carmona to produce his client file.  Pet. 1.

1

## II.    DISCUSSION

### A.    Standard

Because Plaintiff is proceeding *pro se*, the Court construes his pleadings liberally since "a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 561 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

However, "[f]ederal courts are courts of limited jurisdiction. They possess only that power authorized by the Constitution and statute, which is not to be expanded by judicial decree." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citing *Willy v. Coastal Corp.*, 503 U.S. 131, 136–37 (1992); *Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 541 (1986); *American Fire & Casualty Co. v. Finn*, 341 U.S. 6 (1951)). "It is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Id.* (citing *McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 182–83 (1936); *Turner v. Bank of N. Am.*, 4 U.S. (4 Dall.) 8, 11 (1799)).

Writs of mandamus are a special remedy available only if three conditions are met. *In re JPMorgan Chase & Co.*, 916 F.3d 494, 499 (5th Cir. 2019) (citing *In re Depuy Orthopaedics, Inc.*, 870 F.3d 345, 350 (5th Cir. 2017)). "First, the petitioner must have 'no other adequate means to attain the relief he desires.' Second, [a reviewing] court 'must be satisfied that the writ is appropriate under the circumstances.' Third, the petitioner must demonstrate a 'clear and indisputable right to the writ.'" *Id.* (quoting *Cheney v. U.S. Dist. Court*, 542 U.S. 367, 380 (2004)).

### B.    Analysis

Because federal courts have limited jurisdiction, they can only hear certain types of cases. To qualify for federal jurisdiction, a plaintiff must: (1) set out a claim against the defendant that

relates to federal law; or (2) specify that none of the plaintiffs in his case are citizens of the same state as any defendant, and that the plaintiffs are suing for more than $75,000. *See Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 552 (2005).

In this case, Plaintiff does not explain what federal law supports his Petition for a Writ of Mandamus against the 34th District Court of El Paso County, nor can the Court identify a relationship between this Petition and federal law, so the Court does not have "federal question" jurisdiction. *See Vaden v. Discover Bank*, 556 U.S. 49, 60 (2009); *Louisville & Nashville R.R. Co. v. Mottley*, 211 U.S. 149, 152 (1908). Although Plaintiff cited two federal cases in his Petition, those decisions are not relevant because they support Plaintiff's Sixth Amendment claim against his trial counsel, rather than his request for a writ of mandamus against the 34th District Court of El Paso County. Pet. 2 (citing *Maxwell v. Florida*, 479 U.S. 972 (1986); *Spivey v. Zant*, 683 F.2d 881, 885 (5th Cir. 1982)). Plaintiff also does not allege that he is suing a defendant from a different state than himself for more than $75,000. Therefore, this Court lacks "diversity jurisdiction." *See Exxon Mobil*, 545 U.S. at 552. Since Plaintiff has not shown that this Court can accept this case, his Petition for a Writ of Mandamus must be denied for lack of subject-matter jurisdiction. *Id*.

However, even if Plaintiff established jurisdiction, this Court would still be unable to rule on his Petition for a Writ of Mandamus against the 34th District Court of El Paso County. The United States Supreme Court has explained that a federal law called the *Rooker-Feldman* doctrine does not allow a plaintiff who loses in state court to appeal that adverse decision to a federal district court. *See Exxon Mobil Corp. v. Saudi Basic Indus.*, 544 U.S. 280, 284 (2005). In other words, Plaintiff cannot ask a federal district court for something that a state court has previously denied, such as a writ of mandamus. *Id*.; *see also Moore v. Whitman*, 742 F. App'x 829, 831–32 (2018); *Land and Bay Gauging, L.L.C. v. Shor*, 623 F. App'x 674, 678 (5th Cir. 2015). The *Rooker-*

*Feldman* doctrine exists because the United States Supreme Court is the only federal court that can review state court decisions; federal district courts cannot accept cases that ask them to review state court decisions. *See Saudi Basic Indus.*, 544 U.S. at 283–84.

Plaintiff's Petition explains that, on November 9, 2020, the Court of Appeals for the Eighth District of Texas denied his request for a writ of mandamus ordering the 34th District Court of El Paso County to decide his motion to compel Attorney Carmona to produce his client file. *See* Pet. 1, 6–8. Plaintiff's Petition also states that he is asking this Court for the exact same thing: a writ of mandamus that orders the 34th District Court of El Paso County to rule on his motion to compel Attorney Carmona to produce his client file. *See* Pet. 1–2. Plaintiff has appealed a state court decision to a federal district court for review, which is not allowed under the *Rooker-Feldman* doctrine. *See Saudi Basic Indus.*, 544 U.S. at 283–84. Therefore, Plaintiff's Petition for a Writ of Mandamus is denied for lack of subject-matter jurisdiction. *Id.*

## III.    CONCLUSION

For the foregoing reasons, Plaintiff's Petition for a Writ of Mandamus, ECF No. 1, is **DENIED** for lack of subject-matter jurisdiction.

The Clerk shall close the case.

**SO ORDERED.**

SIGNED this 2nd day of December, 2020.

KATHLEEN CARDONE
UNITED STATES DISTRICT JUDGE